**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

February 6, 2012

J. Mitchell Lambros, Esq.
Lambros and Lambros
9900 N. York Road
Cockeysville, MD 21030

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD  21201

**Re: Michael D'Almeida v. Michael J. Astrue, Commissioner of Social Security, PWG-10-2095**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Plaintiff Michael D'Almeida's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF Nos. 8,17,24). Plaintiff also filed a Reply to Defendant's Motion. (ECF. No. 25).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th  Cir. 1987).  A hearing is unnecessary.  Local Rule 105.6.  For the reasons that follow, this Court **GRANTS** the Commissioner's Motion and **DENIES** the Plaintiff's Motion.

Mr. Michael D'Almeida (sometimes referred to as "Claimant", "Mr. D'Almeida" or "Plaintiff") applied for DIB and SSI on August 17, 2007, alleging that he was disabled as of January 1, 2004, due to blindness in his right eye, nephrotic syndrome, leg and back pain, lumbar spine disease, radiculopathy and blood clots in his lungs. (Tr. 75, 130, 152). His claims were denied initially and upon reconsideration (Tr. 67-68). A hearing was

1

held on April 22, 2009, before the Honorable Robert W. Young ("ALJ'). In a decision dated September 2, 2009, the ALJ denied Mr. D'Almeida's claims, and concluded that he retained the residual functional capacity ("RFC") to perform less than a full range of light work[1]. Although the ALJ found Mr. D'Almeida was precluded from performing his past relevant work ("PRW"), after receiving testimony from a vocational expert ("VE") the ALJ found there were jobs in the national economy that he could perform, and accordingly, that he was not disabled.(Tr. 87).  On June 2, 2010, the Appeals Council denied Mr. D'Almeida's request for review, making his case ready for review. (Tr. 1-5).

Mr. D'Almeida alleges that the ALJ made three errors. First, he maintains that the ALJ was required, but failed, to include all of his nonexertional and exertional limitations in his hypothetical to the VE. Second, he contends that the ALJ erred by not considering properly his subjective complaints and the effects his pain had on his ability to perform work. Third, he argues that the ALJ's decision is internally inconsistent and requires remand for clarification on the issues of whether his lumbar condition was a severe impairment and whether he is limited to light or sedentary work.  As explained below, I conclude that the ALJ's decision is supported by substantial evidence and therefore will GRANT the Commissioner's Motion for Summary Judgment and DENY Claimant's Motion.

Contrary to Claimant's assertions, after review of the record and the ALJ's decision, I find that the ALJ sufficiently discussed the medical evidence he considered and relied upon in determining that Mr. D'Almeida had a RFC restricting him to performing less than a full range of light work. (Tr. 81-82). In his decision, the ALJ discussed the contents of the exhibits he considered.  For example, the ALJ discussed the state agency consultative physician's assessment Exhibit 19-F. The ALJ also discussed the reports of Claimant's treating physicians from Mid Atlantic Neurosurgery (Exhibits 11F, and 22-23 F) and the

---

[1] The ALJ found that Mr. D'Almeida was limited to work where he could occasionally lift and carry objects weighing 20 pounds, and frequently lift and carry objects weighing 10 pounds and he had the ability to sit, stand and walk for 6 hours, each, in an 8-hour period. The ALJ also found he could not climb ladders, ropes, or scaffolding and he had limited depth perception and must avoid exposure to dangerous moving machinery and unprotected heights.  (Tr. 81-82).

2

doctor's opinion that his range of motion in his back and joints and gait were all normal, and that he did not have any weakness or sphincter problems, and that his muscle strength was 5/5. (Tr. 78, 328, 497). Finally, the ALJ referred to the records from the Claimant's treating nephrologist which documented Mr. D'Almeida's kidney problems and stated that he had not been compliant with his Coumadin treatment and that his nephropathy was in remission. (Tr. 77). For these reasons, I find that the ALJ's opinion contained sufficient narrative to permit this Court to conduct a meaningful review in accordance with SSR 96-8p. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A.)). In sum, the ALJ's finding that Claimant was capable of engaging in certain types of light work is supported by substantial evidence and complies with SSR 96-8p.

Mr. D'Almeida's next argument is that the ALJ failed to assess his credibility appropriately by requiring objective evidence to support complaints of pain. I disagree. The ALJ recognized his duty and evaluated Claimant's allegations of pain and fully and adequately explained his credibility determination. *See* SSR 96-7p.[2] In determining Claimant's

---

[2] SSR 96-7p, in relevant part, states:
4. In determining the credibility of the individuals statements the adjudicator must consider the entire case record, including the objective medical evidence**, the individual's statements about symptoms, statements and other information provided by treating or examining physicians or psychologists or other persons about symptoms with the rest of the relevant evidence in the case record** in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence**.
5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individuals allegations have been considered or that the allegations are (or are not) credible." It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms. **The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individuals statements and the reasons for that weight**. (1996 WL 374186 *1-*2) (emphasis added).

credibility and the impact that his alleged impairments had on his ability to work, the ALJ noted Claimant's testimony, including his statements that he had fatigue and concentration issues due to medications, severe pain in his back and kidneys, no vision in his right eye and leg pain.(Tr. 82).  However, the ALJ's inquiry did not end there.  The ALJ also considered the medical reports from Claimant's two hospitalizations in 2006 for embolisms, and the reports from the physicians who treated Claimant's lymphatic problems, including Dr. Lahn, Dr. Salahuddin and Dr. Kawaja. (Tr. 260-286, 287-290). The ALJ also noted that when Dr. Howard Cohen examined Mr. D'Almeida in 2007 he denied weakness and had normal motor strength.  Dr. Cohen also observed that Claimant's musculoskeletal system was normal and that he had no spasm or atrophy, was able to walk on his heels and toes, and that he could bend, dress and undress normally. (Tr. 311).

Claimant argues that Dr. Cohen's notation in his report of Claimant referred to documentation from his lawyer during his consultation was indicative of "bias" and therefore it was improper for the ALJ to accord significant weight to his report.  However, there is no reason for the undersigned to draw such a conclusion.  Rather, it appears that many of Dr. Cohen's observations regarding Claimant's physical conditions were consistent with the observations of Claimant's own treating physicians.  For example, Dr. Shear noted in 2009 that Mr. D'Almeida had normal range of motion in his back and joints and that his motor strength was 5/5. (Tr. 498).  Dr. Shear's findings are consistent with Dr. Cohen's findings from his examination in 2007. (Tr. 311).  There is nothing in the record that renders Dr. Cohen's medical opinions less than worthy of belief than those of Claimant's treating physicians merely because of his gratuitous comments about the Claimant's being represented by counsel.

Claimant also argues that the ALJ improperly considered his non-compliance with medication and his ability to complete courses at a University as a basis for denying his benefits.  However, the ALJ discussed the medical documentation of Claimant's non-compliance with his prescribed Coumadin and his ability to achieve excellent academic grades when discussing the credibility of his complaints.  This evidence seriously undermines Mr. D'Almeida's allegations of an inability to focus and concentrate and that his embolisms were disabling.  When assessing Claimant's credibility ALJ's are directed to do precisely what the ALJ has done pursuant to SSR 96-7p (1996 WL

374186 * 3(SSA)).   In sum, these factors, were appropriately considered[3], and they provide substantial support for the ALJ's conclusion.   Accordingly, there is substantial evidence to support the ALJ's analysis of Mr. D'Almeida's allegations of pain.

Finally, I find that the ALJ's apparent typographical error in his decision regarding Mr. D'Almeida's exertional limitations is harmless error[1] and that the ALJ adequately discussed Claimant's history of herniated discs in his decision.  The ALJ's enumerated finding number 5 clearly identified the exertional level as "light" and the hypotheticals the ALJ presented to the VE at the hearing included the light range of work. (Tr. 37-38).  Furthermore the ALJ adequately considered and discussed Claimant's history of herniated discs, the various treatments he received for this condition, including his 2005 surgery. (Tr. 78).  More importantly, there is no evidence from his treating neurosurgeons or internists limiting Claimant beyond what the ALJ found.  While the ALJ noted that the doctors reported some decreased range of motion in his back, there was full range of other joints and no motor loss or decreased sensation.  (Tr. 86).

---

[3] SSR 96-7p also provides: the adjudicator must consider certain factors in addition to the objective medical evidence when assessing the credibility of an individual's statements: Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p (1996 WL 374186, *2 (S.S.A.))

[1] In the discussion portion of his decision, the ALJ apparently mistakenly described Claimant as limited to "sedentary" work as opposed to the ability to perform "light work." (Tr. 87).

     Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Ms. Smith's Motion.  A separate Order shall issue.

                                              Sincerely,

2/6/12                                  /s/

                                              Paul W. Grimm
                                              United States Magistrate Judge